IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| B. J. HALL, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| WHITE, GETGEY & MEYER CO., L.P.A., | § | SA-97-CA-0320 NN |
| | § | |
| | § | |
| Defendant. | § | |

**O R D E R**

The sole remaining matter in this case is determination of the interest to be awarded on the judgment.

Only a brief summary of prior proceedings is necessary. Consistent with prior opinions of the appellate court, the jury award of $675,000 was reduced by a settlement credit of $80,000. Judgment was entered on the resulting amount ($595,000) and on November 19, 2003 defendant tendered payment in that amount to plaintiff. On June 7, 2004, this Court entered a Second Amended Judgment which omitted pre- and post-judgment interest, interpreting the Fifth Circuit's opinion and mandate as requiring same. Recently, the Fifth Circuit clarified its earlier directives and instructed this Court to award interest. The Circuit also provided guidance about how the rate of interest was to be determined, and directed that "the date judgment is rendered by the district court on remand will determine the rates" of interest.

Not surprising given the tortured history of this case through the court, the parties are unable to agree on the effect the $595,000 payment has on determining the principal on which those interest

rates are to be applied.

### Pre-judgment Interest

Issues of pre-judgment interest are controlled by state law.[1] The applicable state statute and case law interpreting that statute direct that interest, and particularly pre-judgment interest, is "compensation for the use, forbearance, or detention of money."[2] Here, plaintiff was deprived of the use of his money – represented by the amount of the jury award, minus the settlement credit, ($595,000) – from February 10, 1997 until November 19, 2003. The period of deprivation ended on November 19, 2003 when he received the amount the jury and court determined were his damages. Because there has been no remaining principal amount of the judgment of which the plaintiff has been deprived since November 2003, pre-judgment interest did not continue to accrue after that date.

### Post-Judgment Interest

Like pre-judgment interest, the purpose of post-judgment interest is compensation for the use of another's money.[3] The Fifth Circuit has directed that this Court award post-judgment interest at the rate applicable on the date the judgment is rendered by the district court on remand. That rate is 4.9%. Consistent with the purpose of post-judgment interest and prior law of this Circuit, interest accrues on both the damages award, as well as the pre-judgment interest which accrued prior to the

---

[1] **Canal Ins. Co. v. General Ins. Co.**, 901 F.2d 45, 47 (5th Cir. 1990).

[2] TX. FIN. CODE §301.002(a)(4); **Battaglia v. Alexander**, 177 S.W.3d 893, 907 (Tex. 2005).

[3] "The purpose of postjudgment interest is to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant." **Kaiser Aluminum & Chem. Corp. v. Bonjorno**, 494 U.S. 827, 835-36 (1990) (quotation omitted).

date judgment is entered.[4]  Here, the damages award has been satisfied.  Accordingly, post-judgment interest of 4.9% will run on the amount which represents the pre-judgment interest which accrued from February 10, 1997 until November 19, 2003.

It is so ORDERED.

**SIGNED** on April 6, 2007.

*[signature]*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[4]**Fuchs v. Lifetime Doors, Inc.**, 939 F.2d 1275, 1280 (5th Cir. 1991).